IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
DIANE WILSON                    )
c/o 1050 17th St., N.W., Ste. 400, )
Washington, D.C. 20036          )
                                )
       Plaintiff,               )    Civil Action No.:
                                )
v.                              )
                                )
STUART S. DYE AND               )
ASSOCIATES, PLLC                )
1150 Connecticut Ave., N.W.,    )
Ste. 350,                       )
Washington, D.C. 20036          )
                                )
Serve:  Corporation Service Co. )
        1090 Vermont Ave., N.W.,)
        Washington, D.C. 20005  )
                                )
and                             )
                                )
STUART DYE                      )
1150 Connecticut Ave., N.W.,    )
Ste. 350,                       )
Washington, D.C. 20036          )
                                )
       Defendant.               )
_____)
```

## **COMPLAINT**

Diane Wilson ("Plaintiff"), by undersigned counsel, alleges as follows:

## **THE PARTIES**

1. Plaintiff resides in Virginia and she was formerly employed by Defendants in the District of Columbia.

2. On information and belief, Defendant Stuart S. Dye & Associates, PLLC ("SDA") is a law firm organized and existing under the laws of the District of Columbia as a professional

limited liability company with its principal place of business located at 1150 Connecticut Avenue, N.W., Suite 350, Washington, D.C. 20036.

3. On information and belief, Defendant Stuart S. Dye ("Dye") is the owner and managing member of Defendant SDA.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district.

## NATURE OF THE CASE

6. Plaintiff brings this action to recover damages for Defendants' willful failure to pay her overtime wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.,* Defendants' willful failure to pay her all wages owed, including overtime wages and wages earned the working day following Plaintiff's employment termination in violation of the District of Columbia Wage Payment Collection Law ("DCWPCL"), D.C. Code § 32-1301, and Defendants' retaliatory termination in vioatlion of the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1010, *et seq*.

## FACTS

7. From approximately February 2015 until April 2016, Defendants employed Plaintiff as a Secretary/Administrative Assistant.

8. At all relevant times, Defendant Dye held and exercised authority over the operations of Defendant SDA and controlled Plaintiff's conditions of employment.

9. Defendants were Plaintiff's "employer" within the meaning of the DCWPCL, DCMWA, and

FLSA.

10. Defendants employed Plaintiff in work involving interstate commerce as the documents she typed, wrote, received, and filed were exchanged in interstate commerce and affected business in states outside of the District of Columbia.

Defendants misclassified Plaintiff
as an independent contractor.

11. Defendants misclassified Plaintiff as an independent contractor who received an IRS form 1099 rather than an employee to whom a W-2 is issued.

12. Defendants had the power to hire and fire Plaintiff.

13. Defendants controlled the rate and method of payment for Plaintiff's work and determined Plaintiff would be paid a flat rate of $5,000.00 per month regardless of the number of hours she worked or assignments completed.

14. Defendants controlled Plaintiff's work schedule and routinely required her to work more than twelve hours each weekday and typically required Plaintiff to work approximately six hours each weekend.

15. Plaintiff was not customarily engaged in an independent business and she did not work for anyone other than Defendants during her the dates of her employment.

16. Plaintiff had no opportunity for profit or loss and had no investment in Defendants' business.

17. Defendants controlled Plaintiff's daily work schedule, assigned Plaintiff tasks, and closely controlled her performance of individual assignments.

18. Defendant Dye closely reviewed Plaintiff's work and controlled the manner in which she performed it.

19. Plaintiff's work activities were within Defendants' usual course of business and her job was

clerical requiring only general typing and organizational skills.

20. Plaintiff spent approximately half her working time incorporating Defendant Dye's handwritten edits to typed documents, organizing client files, filing client documents, and adding status updates to client files.

21. Plaintiff spent approximately a third of her working time typing correspondence and memoranda as it was dictated to her by Defendant Dye.

22. Plaintiff spent her remaining working time maintaining calendars of meetings and due dates and drafting client invoices.

23. Defendants provided Plaintiff with all tools and materials necessary for Plaintiff to complete the assigned tasks and stored and maintained possession of those materials.

24. Plaintiff's primary duty did not involve discretion or independent judgment with respect to matters of significance.

<u>Plaintiff's complaints to Defendant Dye regarding
her misclassification and improper wages.</u>

25. In or around April 2015 and July 2015, Plaintiff complained to Defendant Dye orally that she was misclassified as an independent contractor which he immediately dismissed.

26. In or around February 2016, Defendant Dye instructed Plaintiff to send her IRS form W-9 to Defendants' accountant so Plaintiff could receive her 1099.

27. Plaintiff called Defendants' accountant as instructed and asked the accountant about Defendants' classification of Plaintiff as an independent contractor and inquired if that was incorrect.

28. Defendants' accountant refused to answer Plaintiff's question and stated that s/he did not want to get in between Defendant Dye and Plaintiff.

29. Shortly thereafter, Plaintiff complained to Defendant Dye again about her misclassification and he sternly told her that Plaintiff would "regret it" if she pursued her complaints.

30. In or around March 2016, Plaintiff overheard Defendant Dye's telephone conversation where he was spoke about his "next assistant."

<u>Defendants violated the DCWPCL, DCMWA, and FLSA.</u>

31. On or about April 1, 2016, Defendants terminated Plaintiff's employment in retaliation for her complaints about wage violations.

32. Defendants willfully failed to pay Plaintiff all wages owed to her by the next business day.

33. Defendants have willfully failed to pay Plaintiff all the wages owed her to date.

34. Defendants owe Plaintiff $67,501.20 in unpaid overtime wages.

<u>Defendant Dye is jointly and severally liable
for the unpaid overtime wages.</u>

35. Defendant Dye was the sole managing member of SDA and therefore had complete operational control of the firm.

36. Defendant Dye was solely responsible for the decision and failure to pay Plaintiff owed overtime.

37. Defendant Dye profited and benefitted from the work Plaintiff performed for Defendants.

38. Defendant Dye profited and benefited from the decision and failure to pay Plaintiff waged owed to her.

39. Defendant Dye personally hired Plaintiff and had the power to fire her.

40. Defendant Dye directly and indirectly acted on behalf of Defendant SDA in relation to Plaintiff.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## COUNT 1

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (29 U.S.C. § 201, *et seq.*)

42. Plaintiff repeats and realleges every allegation in the Complaint.

43. Each defendant was an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

44. The FLSA requires employers to pay non-exempt employee one and one-half times their regular hourly rate for hours worked in excess of 40 hours in one workweek. 29 U.S.C. § 207(a)(1).

45. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rates for hours worked in excess of 40 hours in any one workweek.

46. Defendants' violations of the FLSA were willful.

47. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT 2
### RETALIATION UNDER THE FLSA

### (29 U.S.C. § 215, *et seq.*)

48. Plaintiff repeats and realleges every allegation in the Complaint.

49. Defendants violated the FLSA by terminating Plaintiff's employment in retaliation for her complaints about wage violations of misclassification and unpaid wages.

50. Defendants' violations of the FLSA were willful.

51. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for such legal or equitable relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

## COUNT 3

### RETALIATION UNDER THE DCMWA
(D.C. Code § 32-1010, *et seq*.)

52. Plaintiff repeats and realleges every allegation in the Complaint.

53. Defendants violated the DCMWA by terminating Plaintiff's employment in retaliation for her complaints about wage violations of misclassification and unpaid wages.

54. Defendants' violations of the DCMWA were willful.

55. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for such legal or equitable relief as may be appropriate to effectuate the purposes of the DCMWA including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

## COUNT 4

### FAILURE TO PAY WAGES UNDER THE DCWPCL
(D.C. Code § 32-1301)

56. Plaintiff repeats and realleges every allegation in the Complaint.

57. Each Defendant was an employer of Plaintiff within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

58. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1)

59. The DCWPCL requires employers to pay an employee who quits or resigns all wages due

upon the next regular payday, or within seven says from the date of quitting or resigning, whichever is earlier.  D.C. Code § 32-1303(2).

60. For the purposes of the DCWPCL, wages include overtime wages.  D.C. Code § 32-1301(3).

61. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff overtime wages earned and wages owed the next working day following Plaintiff's employment termination.

62. Defendants' violations of the DCWPCL were willful.

63. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant on all Counts and grant the following relief:

    a. Award Plaintiff $270,004.80 in unpaid overtime wages and liquidated damages pursuant to the FLSA and DCWPCL;

    b. Award Plaintiff all equitable relief as may be appropriate pursuant to the FLSA and DCMWA;

    c. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    d. Award Plaintiff attorneys' fees and expenses;

    e. Award Plaintiff court costs; and

    f. Award any additional relief the Court deems just

Date:   February 28, 2017                                        RESPECTFULLY SUBMITTED,

                                                                                        Alan Lescht & Associates, P.C.

By: /s/
Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 463-6036
Fax:  (202) 463-6067
Alan.lescht@leschtlaw.com
*Attorney for Plaintiff*